FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JONAH H., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 1:20-CV-03149-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 22. Attorney D. James Tree represents Jonah H. (Plaintiff); Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## I.     JURISDICTION

Plaintiff filed an application for Supplemental Security Income on August 16, 2017, and an application for Disabled Child's Insurance Benefits on December 20, 2017, alleging disability since July 2, 2006,[2] due to depression, suicidal ideation, anxiety, panic attacks, sleep difficulties, and agoraphobia. Tr. 66, 68, 78, 207-27, 239. The application was denied initially and upon reconsideration. Tr. 66, 123-31, 136-49. Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing on November 26, 2019, Tr. 36-65, and issued an unfavorable decision on January 8, 2020. Tr. 17-35. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 204-06. The Appeals Council denied the request for review on July 30, 2020. Tr. 1-6. The ALJ's January 8, 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 15, 2020. ECF No. 1.

## II.     STATEMENT OF FACTS

Plaintiff turned 18 on July 2, 2016. Tr. 20. Plaintiff has a 10th grade education and minimal work history. Tr. 239-40, 249-61. Plaintiff's mental health diagnoses include depression, generalized anxiety disorder, panic disorder, social anxiety disorder, borderline personality disorder, and post-traumatic stress disorder. Tr. 322, 329, 333-351, 402. Treatment has included psychiatric hospitalization, counseling, and medications including Fluoxetine. Tr. 322, 333-351, 373.

---

[2] The period at issue for Disabled Child's Insurance Benefits begins July 1, 2016, the date Plaintiff turned 18. Tr. 20; ECF No. 18 at 2.

## III.  STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20

C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V.     CHILDHOOD DISABILITY INSURANCE BENEFITS

Title II of the Social Security Act provides disabled child's insurance benefits based on the earnings record of an insured person who is entitled to old-age or disability benefits or has died. 42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a). The same definition of "disability" and five-step sequential evaluation outlined above governs eligibility for disabled child's insurance benefits. *See* 42 U.S.C. § 423(d); 20 C.F.R. § 404.1520(a)(1)-(2). In addition, in order to qualify for disabled child's insurance benefits several criteria must be met. 20 C.F.R. § 404.350(a)(1)-(5). As relevant here, if the claimant is over 18, the claimant must "have a disability that began before [he] became 22 years old." 20 C.F.R. § 404.350(a)(5).

## VI.     ADMINISTRATIVE FINDINGS

On January 8, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-35.

At **step one**, the ALJ found Plaintiff had not attained age 22 as of July 1, 2016 and had not engaged in substantial gainful activity since that date. Tr. 22-23.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: depressive disorder, anxiety disorder, borderline personality disorder, and post-traumatic stress disorder (PTSD). Tr. 23.

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23-24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a full range of work at all exertional levels, but with the following nonexertional limitations:

> he is limited to simple routine tasks, in a routine work environment with simple work related decisions. He can have brief superficial interaction with co-workers, but cannot work in an environment that requires interaction with the public.

Tr. 24.

At **step four**, the ALJ found Plaintiff had no past relevant work. Tr. 29.

At **step five** the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of industrial cleaner, hand packager, and sand blaster. Tr. 29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 30.

## VII.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly evaluating medical opinion evidence; and (2) improperly rejecting Plaintiff's subjective complaints.

# VIII. DISCUSSION

**A.    <u>Medical Opinions.</u>**

Plaintiff argues the ALJ erred by improperly evaluating the opinions of Tasmyn Bowes, Psy.D. and R.A. Cline, Psy.D. ECF. No 18 at 2, 13-19.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01, (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings. *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may explain how he or she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).³

    **1.**    <u>**Dr. Bowes.**</u>

On July 27, 2018 Plaintiff attended a consultative psychological exam with Dr. Bowes for DSHS. Tr. 399-415. Dr. Bowes administered a clinical interview, psychological testing, and mental status exam and diagnosed Plaintiff with persistent depressive disorder, currently major depression, severe; panic disorder; social anxiety; and (rule out) borderline personality disorder. Tr. 402. Dr. Bowes opined Plaintiff had no to mild limitation in his ability to be aware of normal hazards and take appropriate precautions; moderate limitation in his ability to understand, remember, and persist in tasks by following very short and simple

---

³ The Ninth Circuit recently addressed the issue of whether the changes to the regulations displace the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id*. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* at 792.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

instructions, to learn new tasks, perform routine tasks without special supervision, make simple work-related decisions, and set realistic goals and plan independently; marked limitation in his ability to understand, remember, and persist in tasks by following detailed instructions, adapt to changes in a routine work setting, ask simple questions or request assistance, communicate and perform effectively in a work setting, and maintain appropriate behavior in a work setting; and severe limitation in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, and to complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 402. Dr. Bowes opined Plaintiff's overall level of impairment was severe, with severe defined on the form as "the inability to perform the activity in regular competitive employment or outside of a sheltered workshop." Tr. 402-03. Dr. Bowes opined Plaintiff's impairment was expected to last 18 months or longer. Tr. 403.

      The ALJ found Dr. Bowes's opinion was not persuasive because it was not supported by her own mental status exam or the record as a whole, and because her opinion was essentially a statement that Plaintiff cannot work. Tr. 28. Plaintiff argues there were significant abnormal findings on mental status exam and other testing, the ALJ misstates Dr. Bowes's opinion, and that Dr. Bowes's opinion properly reflects her medical judgment about the nature and severity of Plaintiff's impairments. ECF No. 18 at 13-17. Defendant argues the ALJ reasonably rejected Dr. Bowe's opinion based on the new regulations. ECF. No. 22 at 15.

      First, the ALJ's found Dr. Bowes's opinion was not supported by her own mental status exam. Tr. 28. Supportability is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive

the medical opinion is. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). While Dr. Bowes's mental status exam did contain some findings within normal limits, she also observed that Plaintiff was "clearly extremely depressed" with "very low energy/presence/agency in the room," and that his mood was dysphoric and his affect was flat. Tr. 403-04. Further, Dr. Bowes performed additional testing, which the ALJ does not discuss here, or elsewhere in the decision under a separate heading titled "mental testing." Tr. 26, 28. In fact, Dr. Bowes included a section entitled "Objective Data Collected" in her opinion, where she explained that testing she administered showed "possible marked cognitive deficits" along with scores indicating severe depression and severe anxiety. Tr. 401. The ALJ's conclusion Dr. Bowes's opinion is not supported by her own mental status exam is not supported by substantial evidence because the ALJ cited portions of her exam showing milder findings but did not discuss relevant abnormal findings from her mental status exam and testing performed that day.

      Next, the ALJ did not find Dr. Bowes's opinion persuasive because it was not supported by the record as a whole. Tr. 28. Consistency is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The more consistent an opinion is with the evidence from other sources, the more persuasive the opinion is. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Additionally, an ALJ must consider all of the relevant evidence in the record and may not point to only those portions of the records that bolster his findings. *See, e.g., Holohan v. Massanari*, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding that an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others). The ALJ is not permitted to "cherry pick" from mixed evidence to support a denial of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1017 n.23 (9th Cir. 2014). Elsewhere in the decision the ALJ found that the record as a whole showed generally "benign

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

mental status findings" and that Plaintiff's "mental allegations are inconsistent with his performance on testing." Tr. 26, 28. As discussed *supra*, however, the ALJ did not discuss relevant findings from testing administered by Dr. Bowes. Plaintiff's treatment records also show high scores on depression screenings, Tr. 316, 318, 326, 338, 364, 387, 389, 393, 397, and abnormal mental status findings including anxious mood, abnormal thought process including persistent suicidal ideation (with history of inpatient hospitalization), intermittent paranoia and rage, and limited judgement. Tr. 330-01, 317, 324, 334, 338, 340, 348-49, 367.

Further, under the heading "Benign Mental Status Findings" the ALJ points to physical exam findings, noting that "providers have usually observed that the [Plaintiff] is well appearing and in no acute distress." Tr. 26 (citing Tr. 321, 323, 391, 436). The example the ALJ cites to, however, is a one sentence chart note with the provider's observation upon physical exam that Plaintiff was [w]ell appearing, well nourished, NAD." *Id.* Additionally, two of the four cites here are for the same February 21, 2018 exam, which is exhibited twice in the administrative record. Tr. 391, 436. While citing to general findings upon physical exam, the ALJ does not discuss relevant mental status findings at the same exam. Tr. 26. At the February 2018 appointment, for example, Plaintiff's provider explains that Plaintiff recently needed an emergency session of counseling, was experiencing suicidal ideation, and scored high on adolescent depression screening during the appointment. Tr. 390-93, 435-38. Without any analysis of whether relevant evidence is consistent with Dr. Bowes's opinion, the ALJ's finding that the record as a whole is inconsistent with Dr. Bowes's opinion is not supported by substantial evidence. The ALJ also erred in citing portions of the record showing milder findings while the longitudinal record showed more mixed results, leading to a characterization of the medical evidence as a whole that is not supported by substantial evidence.

Finally, the ALJ concluded "such a profound limitation essentially amounts to a statement that [Plaintiff] cannot work, which is not a medical opinion but a statement that is reserved for the Commissioner." Tr. 28. A medical opinion is a statement from a medical source about what a person can still do despite their impairments and whether the person has one or more impairment-related limitations or restrictions in the ability to perform physical, mental, and other demands of work. *See* 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). Dr. Bowes provided her opinion about what Plaintiff could still do despite his impairments and identified several impairment related limitations in his ability to perform mental demands of work activities, as described *supra*, and her opinion on the DSHS form meets the definition of a medical opinion under the new regulations. Plaintiff is correct that although Dr. Bowes opined Plaintiff has some severe limitations in specific work related areas of functioning, this does not convert her medical opinion into a legal conclusion. ECF No. 18 at 17.

The ALJ's findings regarding Dr. Bowes's opinion are not supported by substantial evidence. Upon remand, the ALJ is instructed to reconsider Dr. Bowes's opinion, taking into consideration the factors required by the regulations and considering the record as a whole, including the issues noted above as well as other aspects of Dr. Bowes's opinion, including Dr. Bowes's notation regarding "Prognosis/Plan" that "vocational training/services would assist in long term stability." Tr. 403.

2. *Dr. Cline.*

On September 2017 Plaintiff attended a consultative psychological exam with Dr. Cline for DSHS. Tr. 327-331. Dr. Cline diagnosed Plaintiff with borderline personality disorder, provisional but primary; PTSD; panic disorder; social anxiety disorder; and unspecified depressive disorder. Tr. 329. Dr. Cline opined Plaintiff had no to mild limitation in his ability to understand, remember

and persist in tasks by following very short and simple instructions or detailed instructions, adapt to changes in a routine work setting, and make simple work-related decisions; he had moderate limitation in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, learn new tasks, perform routine tasks without special supervision, be aware of normal hazards and take appropriate precautions, ask simple questions or request assistance, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, complete a normal work day and work week without interruptions from psychologically based symptoms, and to set realistic goals and plan independently. Tr. 329-30. Dr. Cline opined Plaintiff's overall level of impairment was moderate, defined on the form as "significant limits on the ability to perform one or more basic work activity," and that his impairment was expected to last 3-9 months. *Id.*

      The ALJ found Dr. Cline's opinion persuasive because it was consistent with the record as a whole, as well as Dr. Cline's own mental status examination findings. Tr. 28. Plaintiff argues the ALJ erred by failing to incorporate Dr. Cline's opinion into the RFC. EFC No. 18 at 17-18. Defendant argues the ALJ reasonably evaluated the opinion of Dr. Cline based on the new regulations. ECF No. 22 at 17-19.

      As discussed *supra*, the ALJ's characterization of the medical record as a whole is not supported by substantial evidence. As the ALJ found Dr. Cline's opinion persuasive in part because it was consistent with the record as a whole, on remand the ALJ must also carefully reevaluate Dr. Cline's opinion in the context of the entire record.

      Upon remand the ALJ shall reconsider the persuasiveness of the medical opinion evidence in the file, utilizing the assistance of medical expert testimony to

assist in interpretation of mental health testing and other findings relevant to Plaintiff's mental health impairments.

B. **Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 18 at 5-13.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 25.

The ALJ's evaluation of Plaintiff's symptom claims and the resulting limitations largely relies on the ALJ's assessment of the medical evidence. Having determined a remand is necessary to readdress the medical opinion evidence, any reevaluation must necessarily entail a reassessment of Plaintiff's subjective symptom claims. Thus, the Court need not reach this issue and on remand the ALJ

ORDER GRANTING PLAINTIFF'S MOTION . . . - 13

must also carefully reevaluate Plaintiff's symptom claims in the context of the entire record. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

## IX.    CONCLUSION

On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and all the medical evidence of record, making findings on each of the five steps of the sequential evaluation process. The ALJ shall obtain supplemental testimony from a medical expert and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

In this case, the Court finds that further development of the record is necessary. Plaintiff argues "[a] remand in this case would only delay an award," but, in the Court's view, the outcome of the ALJ's further consideration of this case is far from certain. ECF No. 18 at 17. The Court finds only that the ALJ's decision is not supported by substantial evidence in relation to the ALJ's consideration of the medical evidence as outlined above. Further consideration of that evidence coupled with supplemental medical expert testimony is far from guaranteed to alter the final outcome in this case.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 22**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED September 13, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE